FILED
2021 FEB 8
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WENDY J. ESTROVITZ,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>Defendant. | Court No. 4:20-cv-00034-PK<br><br><br>MEMORANDUM DECISION AND ORDER REMANDING THE COMMISSIONER'S FINAL DECISION |

This Social Security disability appeal is before the Court pursuant to 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security.  Plaintiff, Wendy J. Estrovitz seeks review of the administrative law judge ("ALJ") decision denying her claim for Disability Insurance Benefits under Title II of the Social Security Act. After reviewing written and oral arguments, the Court will reverse and remand the Commissioner's final decision denying Ms. Estrovitz's claim for disability benefits for further consideration.

## I.      BACKGROUND

Ms. Estrovitz began experiencing back and leg pain after a fall (Tr. 315). Ms. Estrovitz reports tremors in her hand and leg as a result of the pain (Tr. 378). Physical therapy did not help (Tr. 378). As the pain worsened, she stopped working at Walmart, where she had worked for almost ten years.

Multiple tests were performed. An MRI of the lumbar spine showed moderate bilateral neural foraminal narrowing and displacement of the L5 nerve root (Tr. 451, 695-696). An EMG

1

of the lower extremities showed peripheral neuropathy (Tr. 576, 602, 634, 828). A whole bone scintigraphy confirmed spondylosis and arthropathy (Tr. 363). An MRI showed moderate osteoarthritis of the symphysis pubis (Tr. 371). An MRI of her cervical spine showed mild facet arthropathy and disc bulge in the cervical spine (Tr. 599, 654). Exams noted edema, tenderness of the spine and sacroiliac joint, diminished reflexes, diminished sensation, and decreased left hamstring, tibial, and ankle strength (Tr. 504, 585, 640). Ms. Estrovitz reported several falls and began using a cane when she walked (Tr. 815, 818, 831). Ms. Estrovitz is also obese with a BMI over 40 (Tr. 480, 639).

At the request of her treating physician, Ms. Estrovitz underwent a functional capacity evaluation. The physical therapist who administered the testing opined that Ms. Estrovitz could perform sedentary work, but could only sit and reach for thirty minutes at a time and stand only occasionally (Tr. 313). He noted that Ms. Estrovitz had numbness and abnormal sensation in her right hand that was consistent with dermatome testing (Tr. 313, 319). She was unable to perform all testing due to the risk of falling (Tr. 314).

Ms. Estrovitz's treating pain management doctor, Dr. Bryt Christensen, opined that due to her impairments, Ms. Estrovitz was limited to standing/walking for two hours, sitting for two hours, and lifting up to ten pounds (Tr. 652). He also opined Ms. Estrovitz's symptoms would interfere with her ability to maintain attention and concentration even with simple and routine tasks, 20% or more of the workday (Tr. 652). He stated that Ms. Estrovitz would miss four or more days of work each month and be 50% less efficient than the average worker (Tr. 653).

2

At the hearing, Ms. Estrovitz testified that she is 5'3" and weighs 240 pounds (Tr. 39). She stopped working three years ago due to her back impairments (Tr. 39). She testified that she has painful cramping in her back that causes her to shake (Tr. 39). She experiences these episodes one to three times a day (Tr. 48). She is treated with epidural injections and physical therapy (Tr. 40). The injections only help for a day or two (Tr. 40). She testified she could walk about the length of the Social Security office where her hearing was held and stand for about ten to fifteen minutes before her back starts hurting (Tr. 40-41). She can lift less than a gallon of milk (Tr. 41). Ms. Estrovitz is on Percocet, tizanidine, and a muscle relaxer for her spinal impairments (Tr. 45). These medications make her feel sleepy and "loopy" (Tr. 45). Ms. Estrovitz lives with her adult children who help her with all the household chores (Tr. 46).

In his decision, the ALJ found that Ms. Estrovitz had the severe impairments of diabetes mellitus, peripheral neuropathy, obesity, degenerative disc disease of the cervical and lumbar spine, and depressive disorder (Tr. 18). At step three he found that she did not meet a listing (Tr. 19). He found that Ms. Estrovitz could perform sedentary work except she could frequently push and pull with the upper extremities; frequently handle and finger; occasionally balance, stoop, kneel, crouch, and climb ramps or stairs; never crawl or climb ladders, ropes, or scaffolds; and is able to tolerate no more than occasional exposure to extreme cold or vibration. The claimant is limited to understanding, remembering, and carrying out simple, routine, repetitive tasks (Tr. 21). The ALJ found that with this RFC, Ms. Estrovitz could not perform her past relevant work (Tr. 26). However, he found there was other work in the national economy that Ms. Estrovitz could perform (Tr. 27). Therefore, he found that she was not disabled (Tr. 28).

## II.      ARGUMENT ON APPEAL

On appeal, Mr. Estrovitz argued that the ALJ erred in his evaluation of the medical opinion evidence. As discussed below, the Court ultimately finds that the ALJ evaluation of the medical opinion evidence is not supported by substantial evidence.

## III.     STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014)(citation omitted). The ALJ's findings "shall be conclusive" if supported by substantial evidence. 42 U.S.C. § 405(g); *see also Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).  Substantial evidence is "more than a mere scintilla [;]" it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed. 2d 842 (1971)(quotation and citation omitted). When reviewing the record, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

A "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine the appropriated legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1164-1165 (10th Cir. 2005)(quotations and citation omitted).

## IV.     DISCUSSION

Ms. Estrovitz filed this case on November 26, 2016, alleging disability beginning March 27, 2016 (Tr. 173-174). For cases filed before March 27, 2017, Agency rulings and Social

Security regulations have an established process for deciding what weight to give medical source opinions. *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003). First, an ALJ must decide whether a treating source opinion should be given controlling weight. *Watkins*, 350 F.3d at 1300. The ALJ must determine whether the treating source opinion is "well-supported" by acceptable clinical and laboratory diagnostic techniques." Then, the ALJ must confirm that the opinion is consistent with other substantial evidence in the record. *Watkins*, 350 F.3d at 1300.

The reviewing court must remand a case where the ALJ fails to explain in the decision both the weight given to a treating source's opinions, and the reasons for assigning that particular weight. *Watkins*, 350 F. 3d at 1301. Even if the ALJ does not give treating source opinions controlling weight, the opinions are still entitled to deference, and the ALJ must still evaluate those opinions using the factors in 20 C.F.R. § 404.1527 and 416.927.[1] *Watkins*, 350 F.3d at 1300. After considering the factors, the ALJ must provide good reasons in the decision for the weight given to the treating source's opinion. *Watkins*, 350 F.3d at 1301. If the ALJ fails to explain what weight is given to the testimony and his reasons for assigning that weight, the reviewing court cannot provide a meaningful review of the ALJ decision. *Id*. Unless a treating source's opinion is given controlling weight, the ALJ must explain in the decision the weight given to the opinions of other examining or non-examining sources that have evaluated the

---

[1] The factors are (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree  to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins*, 350 F.3d at 1301.

claimant. This rule extends to medical opinions from sources who are not considered acceptable medical sources. 20 C.F.R. § 404.1527(f); *Frantz v. Astrue*, 509 F.3d 1299, 1301-1302 (10th Cir. 2007). Whatever the weight given to a medical opinion it must be supported by substantial evidence.

Ms. Estrovitz argues that the ALJ failed to apply the correct legal standards in considering the medical opinions of her treating providers and failed to support his evaluation of the medical opinions with substantial evidence. She suggests that the ALJ's use of terms such as "mixed weight" and "good amount of weight" are not generally used and that it is unclear what these terms mean in weighing medical opinions (ECF No. 20 at 9). She argues further that the ALJ fails to offer any reasons supported by substantial evidence for failing to include opined limitations in his RFC assessment and that any analysis given by the ALJ is contradictory and legally insufficient (ECF 20 at 10-11). The Commissioner acknowledges that the ALJ's evaluation of the medical opinion evidence could have been more clearly explained, but argues that the "ALJ's path 'may reasonably be discerned'" and therefore the ALJ's decision should be affirmed (ECF No. 21 at 4 *citing Davis v. Erdmann*, 607 F.2d 917, 919 n. 1 (10th Cir. 1979)). The Commissioner argues further that while there are some contradictions in the weighing of the opinions these are merely typographical errors and that the ALJ's reasoning can be followed and his evaluations are supported by substantial evidence. While the Court declines to find there is any specific language an ALJ should use, it does find that the ALJ failed to sufficiently articulate the weight given to the medical opinion evidence. Particularly problematic is the weighing of the opinions from Dr. Bryt Christensen and Amy Benedict, NP, which fails to explain why some

6

opined limitations were rejected despite finding that the opinions are entitled to weight. This leaves the Court unable to meaningfully review the ALJ's analysis of these opinions.

Dr. Bryt Christensen

Ms. Estrovitz's treating pain management physician, Dr. Bryt Christensen, submitted a Treating Source Statement that he stated was based on his long-time treatment of Ms. Estrovitz and the results of the functional capacity evaluation performed by Mike Plum, PT. Dr. Christensen opined Ms. Estrovitz was limited to standing/walking for two hours, sitting for two hours, and lifting up to ten pounds (Tr. 652). He also opined Ms. Estrovitz's symptoms would interfere with her ability to maintain attention and concentration, even with simple and routine tasks, 20% or more of the workday (Tr. 652). He stated that Ms. Estrovitz would miss four or more days of work each month and be 50% less efficient than the average worker (Tr. 653). The ALJ gave this opinion "mixed weight" (Tr. 26). However, he provides no explanation for why many of Dr. Christensen's opined limitations, including the sitting limitation and time off task, are rejected. The only limitation actually addressed by the ALJ was the limitation to walking "only 2 hours in an 8-hour workday" (Tr. 26). The ALJ stated that this limitation is not supported by the record, however, as discussed below, he gives "quite a bit of weight" to Ms. Benedict's opinion that Ms. Estrovitz can walk/stand for only one hour a day (Tr. 26). The Commissioner argues that these are simply typographical errors.  While that may be correct, this court cannot create or adopt post-hoc rationalizations to support the ALJ's decision that are not clear from the decision itself. *See Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007). Had Ms. Estrovitz been

limited to two-hours of sitting during an eight-hour workday, it would result in a less than sedentary RFC that would likely preclude all work.

_Amy Benedict, NP_

Further complicating the evaluation of the medical opinion evidence is the analysis of the statements from Ms. Estrovitz's treating nurse practitioner, Amy Benedict. Two opinions from NP Benedict were submitted. Of particular concern to this Court is the opinion dated April 29, 2016 (Tr. 697). In this statement, Ms. Benedict opined that Ms. Estrovitz could not walk for greater than one hour (Tr. 697). The ALJ's evaluation of this opinion included his finding that Ms. Benedict stated that "the claimant's strength in her right leg had increased and her pain had decreased". (Tr. 25).  He further noted that the only limitation opined by NP Benedict is that Ms. Estrovitz would be "unable to stand or walk for greater than 1 hour." (Tr. 25). The ALJ assigned this opinion "a good amount of weight" (Tr. 25). There are several problems with this evaluation. First, the ALJ errs in his characterization of the note. NP Benedict did not say that Ms. Estrovitz's strength had increased and her pain decreased. The note shows that the "objective" of treatment is to increase strength in the leg and decrease pain (Tr. 697). Furthermore, the ALJ provides no explanation or citations to the record as to why NP Benedict's opined limitation as to Ms. Estrovitz's ability to stand/walk is rejected. The ALJ acknowledges that NP Benedict's opinion is well-supported by the record and that he is giving it a "good amount of weight", therefore he must explain why the opined limitations are not adopted. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)( finding that the ALJ is required to explain why some limitations are rejected while others are adopted). This error cannot be considered harmless, as

this limitation, if accepted would have likely ruled out all work. A finding of harmless error is appropriate "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way," *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). That cannot be said of the limitations opined by Dr. Christensen and NP Benedict.

      In this case, the ALJ failed to provide an evaluation of the medical opinion evidence that made clear what weight he was giving to the medical opinions and what evidence supported his findings. His vague and inconsistent findings regarding the medical opinions of Ms. Estrovitz's treating sources is legally insufficient and requires this case to be reversed and remanded for further consideration.

**<u>ORDER</u>**

      Under the relevant standard of review, the Court finds that the ALJ failed to evaluate the medical opinion evidence as required by Agency rules and regulations. Accordingly, for the reasons set forth above, the Court REVERSES and REMANDS this matter to the Commissioner for further proceedings consistent with this Memorandum Decision and Order.

      So ordered this 8th day of February, 2021.

PAUL KOHLER
United States Magistrate Judge